UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BETTY HARRIS-CLEMONS
    Plaintiff

V.

SONY MUSIC ENTERTAINMENT
    Defendant

CIVIL ACTION NO.:

JULY 6, 2012

## COMPLAINT

### COUNT ONE: INTERPLEADER

1. Plaintiff Betty Harris-Clemons, aka Betty Harris, is a singer and United States citizen who resides in Middletown, Connecticut.

2. Defendant Sony Music Entertainment ("Sony") is a Delaware general partnership with its principal place of business at 550 Madison Avenue, New York, New York, consisting of Sony Music Holdings, Inc., a Delaware corporation and USCO Sub LLC, a Delaware limited liability company.

3. Defendant Sony does business as RCA Records.

4. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(1) as there is complete diversity of citizenship

between the plaintiff and defendant and because the amount in controversy, exclusive of costs and attorneys' fees, exceeds $75,000.00.

5. From 1964 through 1969, Plaintiff sang on a number of sound recordings, including the hit ballad "Nearer to You."

6. At all material times, Plaintiff owned the copyright to "Nearer to You."

7. In August 2006, pop singer Christina Aguilera published a CD of 22 songs called "Back to Basics" through Defendant Sony d/b/a RCA Records.

8. The fifth song on "Back to Basics" - "Understand" - uses Plaintiff's vocal sample from "Nearer to You."

9. Defendant Sony d/b/a RCA Records never licensed "Nearer to You" from Plaintiff Betty Harris-Clemons.

10. Plaintiff made Defendant Sony aware of the infringement before the CD was released in August 2006.

11. Defendant Sony d/b/a RCA Records agreed to pay a royalty rate of five cents per use for the use of "Nearer to You".

12. Defendant Sony has refused to pay Plaintiff because an undisclosed claimant allegedly has rights to the song "Nearer to You."

13. Defendant Sony placed all royalties for "Nearer to You" from Christina Aguilera's "Understand" in a Sample Account ("Sample Account").

14. As of June 7, 2012, Defendant Sony claimed the Sample Account contained $170,384.99 in royalties from the use of the "Nearer to You" in Christina Aguilera's "Understand."

15. Defendant Sony has no claim to the royalties in the Sample Account.

16. The Sample Account should contain additional royalties because:

   a. At five cents per copy, the Sample Account should have a minimum of $250,000.00 since "Back to Basics" sold more than five million copies worldwide.

   b. The Sample Account should contain performance royalties. Christina Aguilera performed the song "Understand" with its sample of "Nearer to You" every show for at least 80 concerts on a global tour in 2006 and 2007.

   c. The Sample Account should contain DVD royalties because in 2008, "Understand" and its sample of "Nearer to You" were featured in Christina Aguilera's DVD called "Back to Basics: Live and Down Under" which sold more than 100,000 copies.

   d. The Sample Account should contain branded content royalties from when Christina Aguilera performed "Understand" as part of a branded content effort in "Nissan Live Sets" for Yahoo!

- 3 -

14. As of June 7, 2012, Defendant Sony claimed the Sample Account contained $170,384.99 in royalties from the use of the "Nearer to You" in Christina Aguilera's "Understand."

15. Defendant Sony has no claim to the royalties in the Sample Account.

16. The Sample Account should contain additional royalties because:

   a. At five cents per copy, the Sample Account should have a minimum of $250,000.00 since "Back to Basics" sold more than five million copies worldwide.

   b. The Sample Account should contain performance royalties. Christina Aguilera performed the song "Understand" with its sample of "Nearer to You" at least 80 times during her global concert tour of at least 80 shows in 2006 and 2007.

   c. The Sample Account should contain DVD royalties because in 2008, "Understand" and its sample of "Nearer to You" were featured in Christina Aguilera's DVD called "Back to Basics: Live and Down Under" which sold more than 100,000 copies.

   d. The Sample Account should contain branded content royalties from when Christina Aguilera performed "Understand" as part of a branded content effort in "Nissan Live Sets" for Yahoo!

        Music and for T4, a special production on Channel 4 in England.

    e.    The Sample Account should be an interest-bearing account, under *Frank Music Corporation, et al v. MGM, Inc.*, 772 F.2d 505 (9th Cir. 1985) and *Frank Music Corporation, et al v. MGM, Inc.*, 886 F.2d 1545 (9th Cir. 1989).

17.    Defendant Sony has threatened to interplead the Sample Account, but has failed to do so.

18.    Pursuant to Connecticut General Statutes §52-484, Action in the Nature of Interpleader, Plaintiff is entitled to the funds in the Sample Account and a judgment of interpleader.

## COUNT TWO: COPYRIGHT INFRINGEMENT OF SOUND RECORDINGS FIXED PRIOR TO FEBRUARY 15, 1972 AGAINST DEFENDANT SONY

1.    Plaintiff incorporates paragraphs 1-18 of Count One and restates them herein as paragraphs 1-18 of Count Two.

19.    Defendant Sony d/b/a RCA Records never had authority to publish a sample of "Nearer to You" on Christina Aguilera's song "Understand."

20.    Defendant Sony d/b/a RCA Records was aware of the infringement in August 2006, prior to the release of the CD "Back to Basics".

21. Defendant Sony d/b/a RCA Records did not remedy the infringement prior to releasing "Back to Basics", which was reckless.

22. Defendant Sony d/b/a RCA Records released the CD "Back to Basics" knowing and understanding it would infringe on Plaintiff's copyright.

23. As a direct and proximate result of the Defendant Sony d/b/a RCA Records' conduct in violation of Plaintiff's exclusive ownership interest in and to "Nearer to You," Plaintiff has been damaged.

## COUNT THREE: CONNECTICUT UNFAIR TRADE PRACTICES ACT AGAINST DEFENDANT SONY

1. Plaintiff incorporates paragraphs 1-23 of Count Two and restates them herein as paragraphs 1-23 of Count Three.

24. Defendant Sony is engaged in a trade or practice within the meaning of Connecticut General Statutes §42-110a(4).

25. The foregoing actions of Defendant Sony constitute an unfair trade or practice within the meaning of Connecticut General Statutes §42-110b.

26. Plaintiff Betty Harris-Clemons has suffered an ascertainable loss of money or property as a result of Defendant Sony's actions.

WHEREFORE, Plaintiff Betty Harris-Clemons prays for:

1. A judgment of interpleader requiring Defendant Sony to pay the Sample Account and all unpaid royalties into court and to determine Plaintiff's right to the funds.

2. Defendant Sony be ordered to give an accounting of all sales derived from the sample of "Nearer to You" in "Understand";

3. Compensatory damages;

4. Punitive damages;

5. A declaratory judgment that Plaintiff is the sole owner of the rights in and to the Recordings;

6. Interest;

7. Costs;

8. Attorneys' fees pursuant to Conn. Gen. Stat. §42-110g;

9. Such other and further relief as the Court may deem just and equitable.

*/s/ Kenneth J. Krayeske*

Kenneth J. Krayeske, Esq.
Counsel for Betty Harris-Clemons
Brown & Welsh, P.C.
530 Preston Avenue
P.O. Box 183
Meriden, CT 06450-0183
(203) 235-1651
FAX: (203) 235-9600
eMail: KJKrayeske@BrownWelsh.com
Federal Bar # CT28498