UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BETTY HARRIS-CLEMONS,          :
  plaintiff,                  :
                               :
    v.                         : Civil No. 3:12CV00981(AVC)
                               :
SONY MUSIC ENTERTAINMENT,      :
ET AL.,                        :
  defendants.                 :

## RULING ON MOTION TO INTERVENE

Charley Trademarks, Limited (hereinafter "CT"), has filed a motion to intervene in this breach of contract, copyright infringement and unfair trade practices action. CT argues that the default judgment against the defendant, Charley Acquisitions, limited (hereinafter "CA"), does not apply to it because CT is a separate legal entity and was not properly served. For the reasons that follow, the motion is denied.

## FACTS

The complaint, docket of this case and the parties' memoranda and exhibits reveal the following facts.

On July 6, 2012, the plaintiff, Betty Harris-Clemons, filed the complaint in this case against the defendant, Sony Music Entertainment (hereinafter "Sony"). On October 3, 2012, the court granted the plaintiff's motion to amend the complaint to add the defendant, CA. Harris-Clemons alleges that she sang on

various sound recordings from 1964-1969, including the song "Nearer to You," to which she owned the copyright.

In 2006, Christina Aguilera published a compact disc set through the defendant, Sony. The set included a song titled "Understand" which uses a "vocal sample" of the plaintiff's song "Nearer to You." Sony negotiated a license for the right to the song "Nearer to You" from the defendant, CA. The plaintiff alleges that CA was not authorized to license the song to Sony or anyone else. Sony agreed to pay a royalty fee of 5 cents per use. Sony placed all royalties for use of the song into a sample account because of the dispute over its ownership.

On November 29, 2012, the court granted the interlocutory judgment of interpleader and directed that the defendant, Sony, deposit the funds in the sample account, with the clerk of the court for the clerk's deposit into an interest bearing account.

On December 27, 2012, the plaintiff filed a motion for default with respect to the defendant, CA, pursuant to federal rule 55(a), because despite being served, CA failed to file an answer or respond to the amended complaint. On January 2, 2013, the court granted the motion for default against CA. On January 3, 2013, the plaintiff filed motions for judgment as to all counts against CA. On January 25, 2013, the court granted the motions for default judgment against CA.

On April 4, 2013, the plaintiff filed a second motion to amend/correct the complaint, which the court granted absent objection.  On October 3, 2013, the court rendered an amended judgment in the amount of $110,765.43 against CA and noted the aliases for CA, including CT, as described in the plaintiff's motion to amend.

On December 27, 2013, the plaintiff and the defendant, Sony, filed a stipulation of dismissal as to the counts against Sony and the court adopted the stipulation on December 30, 2013.

On May 3, 2014, counsel for Charley Trademarks, Ltd. ("CT") filed an appearance in this case.  CT seeks to intervene in this case and argues that the default judgment against it is improper.

CT admittedly conducts its business at the same address where the plaintiff served CA.  Further, the plaintiff cites, and the movant does not oppose, the fact that CT owns charleyacquisitions.com and, as of January 14, 2014, charly records.com was registered to CT at the same address that license music.com, and entity owned and operated by CA, was registered.  CT uses the same address, fax and phone number as that for licensemusic.com and charly-acquisitions.com.  The email contact for charlyrecords.com, owned by CT, is [william.rowley@charly-acquisitions.com](mailto:william.rowley@charly-acquisitions.com), and is the same address listed for licensemusic.com, owned by CA.

**STANDARD**

Federal Rule of Civil Procedure 24, provides, in relevant part, as follows:

(a) **Intervention of Right**.  On timely motion, the court must permit anyone to intervene who**:**
  . . .
      (2) claims an interest relating to the property or is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

 (b)**Permissive Intervention**.
     (1) *In General*.  On timely motion, the court may permit anyone to intervene who:
        . . .
      (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24.  In order to be entitled to intervene as a matter of right, therefore, the movant must "(1) file a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its interest is not adequately protected by the parties to the action."  In re Holocaust Victim Assets Litigation, 225 F.3d 191, 197 (2d Cir. 2000). A "[f]ailure to meet any of these requirements suffices for a denial of the motion."  Id. at 197-98.

**DISCUSSION**

**I. Intervention As A Matter of Right**

The movant first argues that its motion is timely because it did not have notice of this lawsuit or the judgment against

4

CA. CT states that based upon the "totality of the circumstances" there is no prejudice to the plaintiff because CT is just trying to prevent the plaintiff from unlawfully taking its assets. CT states that it is not an alias of CA and that the plaintiff should have served CT separately or proved that CT was CA's alter ego. CT states that it has an interest in this litigation and that its interest is impaired by the plaintiff seizing its assets. According to CT, its interests as a separate legal entity from CA are not being adequately protected.

The plaintiff responds that CT's motion is untimely because it had notice of this lawsuit through its alter-ego CA and that CT has failed to establish itself as a separate legal entity from CA. Specifically, the plaintiff argues that CT and CA are different names for the same company and that CT has failed to provide sufficient proof to the contrary.

In its reply, and in support of its argument that it is a legally distinct entity from CA, CT submits a "Certificate of Renewal" from the island of Nevis, which states that CT paid its annual fee for the period ending January 29, 2014. CT maintains that it is a separate legal entity and was never properly served. It states that just because the plaintiff served CA at the same address where CT conducts business, does not mean that CT was properly served.

In order to be entitled to intervene as a matter of right, the movant must "(1) file a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its interest is not adequately protected by the parties to the action."  In re Holocaust Victim Assets Litigation, 225 F.3d 191, 197 (2d Cir. 2000).  With respect to timeliness, the second circuit has recognized that the court considers, inter alia, "(1) how long the applicant had notice of its interest in the action before making its motion; (2) the prejudice to the existing parties resulting from this delay; (3) the prejudice to the applicant resulting from a denial of the motion; and (4) any unusual circumstance militating in favor of or against intervention." In re Holocaust Victim Assets Litigation, 225 F.3d 191, 198 (2d Cir. 2000) (citing United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994)).

On April 4, 2013, the plaintiff filed a second motion to amend/correct the complaint which the court granted absent objection.  On October 3, 2013, the court rendered an amended judgment in the amount of $110,765.43 against CA and noted the aliases for CA, including CT, as described in the plaintiff's motion to amend.  On May 3, 2014, the CT filed a motion to intervene.

The court concludes that the motion was not timely filed. First, the movant fails to specifically articulate when it received notice of the lawsuit. It only states that "(n)one of this occurred with any notice to CT . . . ." (emphasis omitted). However, CT admittedly conducts its business at the same address where the plaintiff served CA. Further, the plaintiff states, and the movant does not oppose, the fact that CT owns charleyacquisitions.com and, as of January 14, 2014, charly records.com was registered to CT at the same address that license music.com, and entity owned and operated by CA, was registered. CT uses the same address, fax and phone number as that for licensemusic.com and charly-acquisitions.com. The email contact for charlyrecords.com, owned by CT, [william.rowley@charly-acquisitions.com](mailto:william.rowley@charly-acquisitions.com), is the same address listed for licensemusic.com, owned by CA. With respect to prejudice, permitting intervention at this stage of the litigation would prejudice the plaintiff and because CT has failed to establish itself as a separate legal entity from CA, it cannot prove it would be prejudiced by the denial of this motion. Finally, with respect to timeliness, this case presents an "unusual circumstance militating . . . against intervention." Id. at 198 (citing United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994)).

Even if the movant could prove that its motion was timely, the court concludes that it fails with respect to the remaining factors for intervention as of right.  CT cannot prove that it was a distinct legal entity and, therefore, it does not have an interest in the litigation that is distinct from CA and that is impaired by the disposition of this action.  CA adequately represents CT's interests here.  CA and CT use identical address and contact information and CT has failed to provide evidence that it dealt with CA at arms-length, as a separate corporation.  Although CT submits a certificate of renewal, the renewal only includes the date of the renewal, January 20, 2014, and fails to specify the original date that CT was formed.  In addition, the court concludes that the renewal in and of itself is insufficient, in light of the surrounding facts, to establish CT as a separate legal entity from CA.

## II. **Permissive Intervention**

CT next argues that it should be permitted to intervene pursuant to the concept of permissive intervention and the provisions of Federal Rule of Civil Procedure 24(b).

The plaintiff argues in opposition that CT fails to meet the provisions of rule 24(b) for the same reasons it failed to meet the intervention as of right provisions of rule 24(a).  Specifically, the plaintiff argues that CT and CA are not separate legal entities and, therefore, CT does not have a

8

defense to the main action in which the court entered default judgment against CA.

Federal Rule of Civil Procedure 24(b) provides that, "(o)n timely motion, the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

The court concludes that the facts of this case do not warrant permissive intervention. The movant has failed to prove that it is a distinct legal entity from the existing defendant, CA. Therefore, it does not have a claim that is separate from those that are already the subject of the judgment in this case.

## CONCLUSION

The motion to intervene (document no 75) is DENIED. Further, the plaintiff's request for the payment of costs and fees in opposing the motion is denied.

It is so ordered this 4th day of March, 2015 at Hartford, Connecticut.

                                            / s/
                                    Alfred V. Covello
                                    United States District Judge