```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

BETTY HARRIS-CLEMONS                :
   plaintiff,                       :
                                    :
v.                                  :  Civil No. 3:12-CV-00981-AVC
                                    :
SONY MUSIC ENTERTAINMENT,           :
ET AL.,                             :
   defendants.                      :
```

## REMANDED RULING ON MOTION TO INTERVENE

This matter is before the court on remand from the Second Circuit Court of Appeals. On May 3, 2014, Charley Trademarks, Limited (hereinafter "CT") filed a motion to intervene in this breach of contract, copyright infringement, and unfair trade practices action. On March 4, 2015, this court issued an order denying CT's motion to intervene. The second circuit court's summary order vacated and remanded this court's March 4, 2015 order for consideration of the issue regarding whether CT is a separate legal entity from Charley Acquisitions, Limited (hereinafter "CA") for purposes of CT's motion to intervene. On remand, the second circuit directed this court to afford CT an opportunity to prove those assertions about its corporate status.

The court concludes that CT is not a separate legal entity from CA, and, therefore, concludes that CT's motion to intervene was properly denied.

**FACTS**

The complaint, docket of this case, and the parties' memoranda and exhibits reveal the following:

On July 6, 2012, the plaintiff, Betty Harris-Clemons (hereinafter "Harris-Clemons"), filed the complaint in this case against the defendant, Sony Music Entertainment (hereinafter "Sony").  On October 3, 2012, the court granted Harris-Clemons's motion to amend the complaint to add the defendant, CA.  Harris-Clemons alleges that she sang on various sound recordings from 1964-1969, including the song "Nearer to You," to which she owned the copyright.

In 2006, Christina Aguilera published a compact disc set through Sony.  The set included a song titled "Understand" which uses a "vocal sample" of Harris-Clemons's song "Nearer to You."  Sony negotiated a license for the right to the song "Nearer to You" from the defendant, CA.  Harris-Clemons alleges that CA was not authorized to license the song to Sony or anyone else.  Sony agreed to pay a royalty fee of five cents per use.  Sony placed all royalties for use of the song into a sample account because of the dispute over its ownership.

On November 29, 2012, the court granted the interlocutory judgment of interpleader and directed that Sony deposit the funds in the sample account, with the clerk of the court for the clerk's deposit into an interest-bearing account.

2

On December 27, 2012, Harris-Clemons filed a motion for default with respect to CA, pursuant to federal rule 55(a), because despite being served, CA failed to file an answer or respond to the amended complaint.  On January 2, 2013, the court granted the motion for default against CA.  On January 3, 2013, Harris-Clemons filed motions for judgment as to all counts against CA.  On January 25, 2013, the court granted the motions for default judgment against CA.

On April 4, 2013, Harris-Clemons filed a second motion to amend/correct the complaint, which the court granted absent objection.  On October 3, 2013, the court rendered an amended judgment in the amount of $110,765.43 against CA and noted the aliases for CA, including CT, as described in Harris-Clemons's motion to amend.

On December 27, 2013, Harris-Clemons and Sony filed a stipulation of dismissal as to the counts against Sony.  On December 30, 2013, the court adopted the stipulation.

On May 3, 2014, counsel for CT filed an appearance in this case.  CT seeks to intervene in this case and argues that the default judgment against it is improper.

On March 4, 2015, this court denied CT's motion to intervene.  CT appealed.

On April 6, 2016, the United States Court of Appeals for the Second Circuit issued its summary order, remanding this case

on the issue of whether CT is a separate legal entity from CA, for purposes of CT's motion to intervene.

CT admittedly conducts its business at the same address where Harris-Clemons served CA.  Further, Harris-Clemons cites, and the movant does not oppose, the fact that CT owns charly-acquisitions.com and, as of January 14, 2014, charlyrecords.com was registered to CT at the same address that licensemusic.com, an entity owned and operated by CA, was registered.  CT uses the same address, fax, and phone number as that for licensemusic.com and charly-acquisitions.com.  The email contact for charlyrecords.com, owned by CT, is william.rowley@charly-acquisitions.com, and is the same email address listed for licensemusic.com, owned by CA.

### STANDARD

Federal Rule of Civil Procedure 24 provides, in relevant part, as follows:

(a) **Intervention of Right.**  On timely motion, the court must permit anyone to intervene who:
. . .
(2) claims an interest relating to the property or is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) **Permissive Intervention.**
(1) **In General.**  On timely motion, the court may permit anyone to intervene who:
. . .
(B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24.  In order to be entitled to intervene as a matter of right, therefore, the movant must "(1) file a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its interest is not adequately protected by the parties to the action."  In re Holocaust Victim Assets Litigation, 225 F. 3d 191, 197 (2d Cir. 2000).  A "[f]ailure to meet any of these requirements suffices for a denial of the motion."  Id. at 197-98.

## DISCUSSION

CT argues that CT and CA are separate corporations with separate existences conducting separate business.  Specifically, CT argues that CT is "an asset holding company that holds various trademarks, patents, and domain names," and that CA "conducts the acquisition of musical rights and licensing of musical rights separately."  Harris-Clemons responds that CT fails to establish that it is a separate entity from CA.  Specifically, Harris-Clemons argues that CT and CL are "inseparable" because CT and CA "remain an entangled web," and "share their assets freely."

Federal Rule of Civil Procedure 24 provides, "the court must permit anyone to intervene who. . . claims an interest relating to the property or is so situated that disposing of the action may as a practical matter impair or impede the movant's

5

ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24.  "For an interest to be cognizable by Rule 24(a)(2), it must be 'direct, substantial, and legally protectable.'"  <u>Bridgeport Guardians, Inc. v. Delmonte</u>, 602 F.3d 469, 473 (2d Cir. 2010) (citing <u>Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.</u>, 922 F.2d 92, 97 (2d Cir. 1990).

In this case, CT has failed to show that it is a separate legal entity from CA.  CT and CA utilize identical business addresses and contact information.  CT conducts its business at the same address where the plaintiff served CA.  CT owns charlyacquisitions.com and charlyrecords.com is registered to CT at the same address that licensemusic.com, an entity owned and operated by CA, is registered.  CT uses the same address, fax, and phone number as that for licensemusic.com and charly-acquisitions.com.  The email contact for charlyrecords.com, owned by CT, William.rowley@charly-acquisitions.com, is the same address listed for licensemusic.com, owned by CA. Furthermore, the court concludes that the certificates of renewal and certificates of transfer are insufficient, in light of the surrounding facts, to establish CT as a separate legal entity from CA for purposes of CT's motion to intervene.  Therefore, CA adequately represents CT's interests in this case.

## **CONCLUSION**

The court concludes that CT has failed to show that it is a separate legal entity from CA.  Therefore, CT's motion to intervene (document no 75) is DENIED.[1]

It is so ordered this 31st day of August 2017, at Hartford, Connecticut.

_____/s/_____<br>
Alfred V. Covello,<br>
United States District Judge

---

[1] CT also argues that CT "should not be subjected to a judgment that Plaintiff secured through a default proceeding which on its face violates the Copyright Act."  Because the summary order does not address this issue, the court does not address it at this time.